IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN CARPEAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-228 |
| | ) |
| KILOLO KIJAKAZI, | ) |
| *Acting Commissioner of Social Security*, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 29th day of August, 2022, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and his claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely

because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).¹

---

¹ Several of Plaintiff's arguments ask the Court to review the decision of the Appeals Council not to review and/or remand the decision of the Administrative Law Judge ("ALJ") denying his claim for benefits. He asserts that the Council improperly refused to consider records from his podiatrist, Arnold L. Tarpley, D.P.M. (R. 10-19), submitted to the Council after the ALJ had issued her decision. However, as the Commissioner points out, 42 U.S.C. § 405(g) permits a district court to review only the Commissioner's final decision. *See also Califano v. Sanders*, 430 U.S. 99, 108 (1977). Since the Appeals Council declined to review the ALJ's decision, that ALJ decision became and constitutes the Commissioner's final decision. *See Sims v. Apfel*, 530 U.S. 103, 107 (2000) (citing 20 C.F.R. §§ 404.900(a)(4)-(5), 404.955, 404.981, 422.210(a)); *Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001). As such, the Court here is not reviewing the appropriateness of the Appeals Council's actions, but rather the ALJ's decision. *See Daniel M. v. Comm'r of Soc. Sec.*, No. CV 21-10533 (RMB), 2022 WL 2952912, at *6 (D.N.J. July 26, 2022).

What the Court can do is decide whether a remand pursuant to Section 405(g) is warranted based on the new evidence from Dr. Tarpley. Although evidence that was not before the ALJ cannot be considered by a district court in its determination of whether or not the ALJ's decision was supported by substantial evidence, that evidence may establish the need for a sentence six remand. *See Matthews*, 239 F.3d at 594; *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 360 (3d Cir. 2011). Sentence six provides:

> [The court] may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding.

To remand a case based on new evidence which was not before the ALJ, the Court must determine that the following criteria have been met: First, the evidence must be new and not merely cumulative of what is in the record. Second, the evidence must be material. This means that it must be relevant and probative, and there must be a reasonable possibility that the new evidence would have changed the outcome of the determination. Third, the plaintiff must demonstrate good cause for not having incorporated the new evidence into the administrative record. *See Matthews*, 239 F.3d at 594; *Szubak v. Secretary of Health & Human Services*, 745 F.2d 831, 833 (3d Cir. 1984). Plaintiff cannot meet this burden.

At the administrative hearing on January 7, 2020, Plaintiff's former counsel informed the ALJ that the records from Dr. Tarpley at issue were still outstanding. (R. 59-60). He indicated that the records had been requested and that he expected to receive them "in the next couple weeks." (*Id.*). The ALJ stated in response, and again at the conclusion of the hearing, that she would consider the records if she received them before she issued a decision. (R. 60, 97-98). On

February 3, counsel sent a letter to the ALJ indicating that he still had not received Dr. Tarpley's records and requesting more time to obtain them. (R. 362). The ALJ did not respond to this letter but, rather, on February 12, 2020, issued her decision. Plaintiff appealed to the Appeals Council on March 30, 2020 (R. 213) but did not submit Dr. Tarpley's records until May 14, 2020. (R. 9). The Appeals Council declined to review the ALJ's decision based on this evidence because it found that there was no reasonable probability that the new evidence would have changed the outcome of the determination. (R. 2). As noted, the Court cannot review the Appeals Council's decision, but, in any event, it agrees that Dr. Tarpley's records do not warrant a sentence six remand.

Even assuming the records at issue are new, they are not material, as there is not a reasonable possibility that they would have changed the outcome of the determination. The records merely demonstrate sporadic, conservative treatment and restate complaints Plaintiff has raised regarding his feet. While Plaintiff asserts that the records would have provided support for Dr. Tarpley's medical source opinion, the ALJ evaluated that opinion in the context of similar evidence from the same time period already made part of the record documenting Plaintiff's diabetic neuropathy and use of Norco. (R. 31, 372, 443-50). Regardless, it is not clear that Plaintiff has demonstrated any good cause for failing to timely obtain the evidence at issue other than to vaguely blame Dr. Tarpley's office. Accordingly, this "new evidence" does not call for a remand.

Plaintiff also argues that the ALJ erred in considering the medical opinion evidence in the record in formulating his residual functional capacity ("RFC"), specifically in finding the opinion of the state reviewing agent, Arcadio Agudelo Hernandez, M.D. (R. 99-109), to be more persuasive than those of his treating physician Wladyslaw Bobak, M.D. (R. 492-97), and his treating podiatrist, Dr. Tarpley (R. 526-31). The Court first notes, as Plaintiff appears to acknowledge, that for cases such as this one, filed on or after March 27, 2017, the regulations have eliminated the "treating physician rule." *Compare* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (applying to cases prior to the amendment of the regulations) *with* 20 C.F.R. §§ 404.1520c(a), 416.920c(a) (applying to later cases). *See also* 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017). While the medical source's treating relationship with the claimant is still a valid and important consideration, it is just one of five factors at the ALJs' disposal as they determine the persuasiveness of the medical opinions, of which "the two most important factors" are consistency and supportability. *Id.* at §§ 404.1520c(a)-(c), 416.920c(a)-(c); 82 Fed. Reg. at 5853.

Plaintiff contends that the ALJ errored in finding Dr. Hernandez's opinion to be consistent with the record because Dr. Hernandez did not have access to some of the later evidence in the file, including the opinions of Drs. Bobak and Tarpley. However, the fact that the state reviewing agent's opinion was rendered before other evidence became available does not mean the ALJ was prohibited from finding it to be persuasive. *See Chandler*, 667 F.3d at 361 ("The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it."). While Dr. Hernandez may not have had access to the whole record, the ALJ did and specifically evaluated Dr. Hernandez's opinion in light of all the record evidence. (R. 33-34). Moreover, she did not simply adopt Dr. Hernandez's

3

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 13) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 16) is GRANTED as set forth herein.

s/Alan N. Bloch
United States District Judge

ecf:        Counsel of record

---

opinion in whole, but rather found it partially persuasive to crafting an RFC that differed somewhat from that opinion. This is precisely what an ALJ must do. *See Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006) ("Surveying the medical evidence to craft an RFC is part of an ALJ's duties."); *Mays v. Barnhart*, 78 Fed. Appx. 808, 813 (3d Cir. 2003).

There is no indication as to the portion of the record evidence to which Drs. Bobak and Tarpley had access in formulating their check-box opinions. Merely because they were issued later does not mean that Drs. Bobak and Tarpley reviewed the entire record in this matter. In any event, as she did with Dr. Hernandez's opinion, the ALJ evaluated these opinions in light of all of the evidence. She acknowledged that Plaintiff had a treating relationship with Dr. Bobak and took Plaintiff at his word that he saw Dr. Tarpley "every 8-9 weeks." (R. 32). However, she found both opinions to be inconsistent with and unsupported by the medical evidence. In particular, she noted limitations to which these doctors opined which Plaintiff himself denied, such as issues with his upper extremities, and inconsistencies between the opinions and the clinical findings. She also pointed out that neither Dr. Bobak nor Dr. Tarpley provided any supporting explanation for the restrictions to which they opined. (R. 32-33). This discussion of why she found the opinions of Dr. Bobak and Dr. Tarpley to be less persuasive than that of the state reviewing agent was thorough and supported by substantial evidence.

The Court emphasizes that, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705). Here, the ALJ considered and discussed the objective medical evidence, Plaintiff's testimony, and the medical opinion evidence. All of this constitutes substantial evidence in support of the ALJ's findings.

Accordingly, for the reasons set forth herein, the Court finds that the ALJ employed the proper legal standards and that substantial evidence supports her decision. The Court will therefore affirm.